# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

**No. 22-0465V**

|  |  |
|---|---|
| R.F., a minor, by and through his parent and natural guardian, CORINNE FENN, | Chief Special Master Corcoran |
| Petitioner, | Filed: March 12, 2024 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Paul R. Brazil, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Catherine Elizabeth Stolar, U.S. Department of Justice, Washington, DC, for Respondent.*

### <u>DECISION AWARDING DAMAGES</u>[1]

On April 25, 2022, Corinne Fenn filed a petition on behalf of her minor child, R.F., for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that R.F. suffered an intussusception following receipt of his second dose of the rotavirus vaccine on August 18, 2021. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 2, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for R.F.'s intussusception. On March 11, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded a lump sum of $5,311.91 for past unreimbursed expenses and $50,000.00, the amount

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

proffered as sufficient to purchase an annuity contract as described in Proffer Section I.B. Proffer at 1-3. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award the following:**

- **Petitioner a lump sum payment of $5,311.91 for past unreimbursed expenses in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a)(1)(B).

- **An amount of $50,000.00, to purchase the annuity contract described in the Proffer, Section I.B.** This amount represents all remaining elements of compensation to which R.F. would be entitled under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| _____ <br> ) <br> R.F., a minor, by and through his parent ) <br> and natural guardian, CORINNE FENN, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH AND ) <br> HUMAN SERVICES, ) <br> ) <br> Respondent. ) <br> _____) | No. 22-465V <br><br> Chief Special Master Corcoran <br> ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On April 25, 2022, Corinne Fenn ("petitioner") filed a petition under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, as amended ("Vaccine Act" or "Act"), on behalf of her minor son, R.F. ECF No. 1. Petitioner alleged that R.F.'s receipt of the second dose of the rotavirus vaccine on August 18, 2021, caused him to suffer an intussusception. *Id.* at 1-2. On December 2, 2022, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a Table intussusception. ECF No. 15. The same day, the Chief Special Master issued a Ruling on Entitlement, finding petitioner entitled to compensation. ECF No. 16.

**I.      Items of Compensation and Form of the Award**

Based upon the evidence of record, respondent proffers, and the parties recommend, that compensation be made through a lump sum and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

---

[1]  Should R.F. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

A.    Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to R.F.'s vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$5,311.91**, in the form of a check payable to petitioner. *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

B.    Pain and Suffering

For pain and suffering, an amount not to exceed **$50,000.00** to purchase an annuity contract,[2] paid to the life insurance company[3] from which the annuity will be purchased,[4] subject to the conditions described below, that will provide payments to R.F. as set forth below:

---

[2]  In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner.  Petitioner and petitioner's heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

[3]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

      a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

      b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

      c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

      d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[4]  Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

     a.   A certain Lump Sum of $32,987.57 payable on April 16, 2039.

     b.   A certain Lump Sum of $37,990.40 payable on April 16, 2042.

     c.   A certain Lump Sum of $43,717.44 payable on April 16, 2045.

The purchase price of the annuity described in this section I.B shall neither be greater nor less than $50,000.00.  In the event that the cost of the certain lump sum annuity payments set forth above varies from $50,000.00, the certain lump sum payable on April 16, 2045, shall be adjusted to ensure that the total cost of the annuity is neither less than nor greater than $50,000.00.  Should R.F. predecease payment of any of the certain lump sum payments set forth above, said payments shall be made to his estate.  Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of R.F.'s death.

These amounts represent all elements of compensation to which R.F. would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.[5]

## II.    <u>Summary of Recommended Payments Following Judgment</u>

    A.    Past Unreimbursble Expenses:               **$5,311.91**

    B.    An amount of **$50,000.00** to purchase the annuity contract described above in section I.B.

                        Respectfully submitted,

                        BRIAN M. BOYNTON
                        Principal Deputy Assistant Attorney General

                        C. SALVATORE D'ALESSIO
                        Director
                        Torts Branch, Civil Division

                        HEATHER L. PEARLMAN
                        Deputy Director
                        Torts Branch, Civil Division

---

[5]  At the time payment is received, R.F. will be an adult, and thus guardianship is not required. However, petitioner represents that she presently is, or if necessary, will become, authorized to serve as guardians/conservators of R.F.'s estate as may be required under the laws of the State of North Carolina.

JULIA M. COLLISON
Assistant Director
Torts Branch, Civil Division

/s/ *Catherine E. Stolar*
CATHERINE E. STOLAR
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 353-3299
catherine.stolar@usdoj.gov

DATED:  March 11, 2024